**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHASE M. LENTZ,
   Appellant,

  v.

DEPARTMENT OF THE INTERIOR,
   Agency.

DOCKET NUMBER
SF-1221-15-0688-W-1

DATE: June 30, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chase M. Lentz, Fresno, California, pro se.

Christine Foley and Kevin Mack, Sacramento, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which found jurisdiction over some of the claims he raised in this individual right of action (IRA) appeal, denied the appellant's request for corrective action over

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

those claims, and dismissed the appellant's remaining claims for lack of jurisdiction. The initial decision also dismissed the appellant's claim of involuntary retirement under the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and, except as expressly MODIFIED by this Final Order to find that the administrative judge improperly applied collateral estoppel to bar the appellant's claim that his resignation was involuntary, the appellant nonfrivolously alleged that his February 5, 2014 protected disclosure was a contributing factor in the proposed 14-day suspension under the knowledge-timing test, and the appellant did not prove that his November 18, 2014 disclosure was protected, we AFFIRM the initial decision.

## BACKGROUND

¶2      On May 15, 2014, the agency issued the appellant a letter of reprimand (LOR) based on charges of acting outside the scope of his authority and conduct unbecoming. Initial Appeal File (IAF), Tab 6 at 68. On November 13, 2014, the agency again charged him with acting outside the scope of his authority and conduct unbecoming, and proposed a 14-day suspension. *Id.* at 49. In a

February 10, 2015 decision letter, the deciding official sustained both charges underlying the proposed suspension. IAF, Tab 6 at 31. The suspension penalty was to be effective February 15, 2015. *Id.* On February 11, 2015, the appellant notified the agency that he was resigning from his position, effective February 13, 2015. *Id.* at 24. He indicated that his resignation was the result of a hostile work environment. *Id.*

¶3      The appellant filed an IRA appeal alleging that the agency retaliated against him for whistleblowing activity by issuing the LOR, by suspending him effective February 15, 2015, and by harassing him and constructively discharging him effective February 13, 2015, the effective date of his resignation.[2] IAF, Tab 1. The administrative judge dismissed the appellant's constructive discharge/involuntary retirement claim under the doctrine of collateral estoppel. IAF, Tab 25, Initial Decision (ID) at 5-8. The administrative judge also found that the Board has jurisdiction over a portion of the appeal pursuant to 5 U.S.C. § 1221, but he denied the appellant's request for corrective action for those claims. The administrative judge dismissed the remaining portion of the appeal for lack of jurisdiction. ID at 8-32.

¶4      Specifically, the administrative judge found that the appellant exhausted his administrative remedy before the Office of Special Counsel (OSC), and established jurisdiction over the following disclosures: (1) an October 23, 2013 statement concerning removing a literary quotation from the appellant's work space; (2) a February 5, 2014 allegation that the appellant's supervisor made false

---

[2] The appellant previously filed an appeal alleging that his resignation was involuntary, which was dismissed for lack of jurisdiction. The appellant filed a petition for review which the Board denied, affirming the initial decision. *Lentz v. Department of the Interior*, MSPB Docket No. SF-0752-15-0363-I-1, Final Order (Jan. 11, 2016). The U.S. Court of Appeals for the Federal Circuit vacated the Board's decision and remanded the appeal for further consideration of the appellant's claims, which the Board will adjudicate in a separate appeal. *Lentz v. Merit Systems Protection Board*, 876 F.3d 1380, 1386 (Fed. Cir. 2017); *Lentz v. Department of the Interior*, MSPB Docket No. SF-0752-15-0363-R-1.

statements and withheld facts, which resulted in disciplinary action being taken against the appellant; and (3) the appellant's November 18, 2014 statement that his supervisor was trying to coerce and intimidate him into not using his sick or Family and Medical Leave Act of 1993 (FMLA) leave. ID at 10; IAF, Tab 1. The administrative judge also found that the appellant exhausted his remedy before OSC regarding his claim that the agency retaliated against him for his equal employment opportunity (EEO) activity. ID at 10; IAF, Tab 1.

¶5     The administrative judge further found that the appellant exhausted his remedy before OSC regarding his claim that, in reprisal for his protected activity, the agency (1) issued him an LOR, (2) proposed his suspension, and (3) harassed him. ID at 10. However, the administrative judge found that the appellant did not exhaust his remedy before OSC concerning his claims that the agency both constructively and actually suspended him. *Id.* Additionally, the administrative judge found that the appellant failed to prove that he exhausted his remedy with OSC regarding numerous other disclosures[3] the appellant identified in his appeal. Finally, the administrative judge found that the Board lacks jurisdiction over the appellant's claim of reprisal for filing an EEO complaint. ID at 31-32. Accordingly, the administrative judge dismissed the appellant's involuntary resignation claim pursuant to the doctrine of collateral estoppel, he denied corrective action for claims over which the Board has jurisdiction, and he dismissed the remaining claims for lack of jurisdiction. ID at 32.

¶6     The appellant has filed a petition for review of the initial decision.[4] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

---

[3] The administrative judge identified these alphabetically as disclosures (a) – (t). ID at 11-14.

[4] The appellant challenges the administrative judge's determination that he is collaterally estopped from arguing that his resignation amounted to a constructive discharge. Based on the court's decision in *Lentz v. Merit Systems Protection Board*, 876 F.3d 1380, 1386 (Fed. Cir. 2017), which held that collateral estoppel could not apply to the appellant's constructive discharge claim, we agree. Thus, we modify the

**DISCUSSION OF ARGUMENTS ON REVIEW[5]**

¶7     To establish Board jurisdiction over an IRA appeal, an appellant must establish that he exhausted his OSC remedies and nonfrivolously allege that: (1) he made a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 7 (2015). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.[6] 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id.* Vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

---

initial decision to vacate its finding that the appellant is collaterally estopped from arguing that his resignation was a constructive discharge. Nevertheless, we need not determine whether the appellant proved that his alleged involuntary resignation constituted a personnel action because, even assuming that the appellant met that burden, and as set forth more fully below, he has not shown that his disclosures were protected. *See Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 7 (2011) (holding that the Board may resolve the merits issues in an IRA appeal in any order it deems most efficient); *but see* 5 U.S.C. § 1221(e)(2) (permitting a finding on whether the agency met its clear and convincing evidence burden only after a finding has been made that a protected disclosure was a contributing factor in a personnel action).

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[6] The U.S. Court of Appeals for the Federal Circuit clarified that, in whistleblower cases, the nonfrivolous allegation standard is "analogous to the 'well-pleaded complaint rule' used to evaluate federal question jurisdiction in federal court." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).

¶8   To satisfy the contributing factor criterion at the jurisdictional stage of the case, the appellant need only raise a nonfrivolous allegation that the fact of, or the content of, the protected disclosure was one factor that tended to affect a personnel action in any way. *Sherman*, 122 M.S.P.R. 644, ¶ 8.

¶9   After establishing the Board's jurisdiction in an IRA appeal, the appellant then must establish a prima facie case of whistleblowing retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). The appellant has a right to a hearing to meet this burden. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). If the appellant makes out a prima facie case, then the agency must prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

The Appellant's Disclosures

> *The appellant alleged that he notified three individuals that someone's removing a paper copy of a literary quote from his work space was an act of censorship and violated his right to free speech.*

¶10   The appellant contended that on October 23, 2013, he notified three individuals that someone removed a copy of a literary quotation from his work space and that this constituted an act of censorship and violated his right to free speech. The record reflects that the appellant had the following quotation printed on a piece of paper and taped to the back of his work chair: "they smashed up things and creatures and then retreated back into their money or their vast carelessness or whatever it was that kept them together, and let other people clean up the mess that they had made." IAF, Tab 21 at 56. It is undisputed that the appellant's supervisor removed the quote from his chair sometime in October 2013. *Id.* at 55. The administrative judge found that the appellant exhausted his remedy before OSC regarding this disclosure and that it constituted

a nonfrivolous allegation that he made a disclosure protected under 5 U.S.C. § 2302(b)(8).[7] ID at 14.

¶11    The administrative judge then apparently assumed without making a finding that the appellant nonfrivolously alleged that this disclosure was a contributing factor, as the administrative judge found further that the appellant failed to prove by preponderant evidence that a reasonable person would believe this disclosure evidenced a violation by his supervisor of any law, rule, or regulation. ID at 14-18.  To the extent the appellant argued that he believed his supervisor's actions in removing the paper violated his First Amendment right to free speech, the administrative judge found that no reasonable person could believe that the appellant's quotation amounted to speech on a matter of public concern. Thus, the administrative judge found that no reasonable person could believe the appellant was disclosing either a violation of his right to free speech under the First Amendment, or of any other law, rule or regulation.[8]  ID at 17.

¶12    Regarding the appellant's assertion that removing the paper quote amounted to his supervisor's denying him due process, the administrative judge found that the appellant failed to prove by preponderant evidence that he reasonably believed that he had a protected property interest in the piece of paper containing the literary quotation.  Additionally, the administrative judge found that the appellant failed to prove by preponderant evidence that he had a protected

---

[7] In light of our analysis below, we have not addressed whether the administrative judge's finding—that the appellant's claim that the October 23, 2013 notification constituted a nonfrivolous allegation that he made a protected disclosure—was correct.

[8] Although the administrative judge failed to make a jurisdictional contributing factor determination on this disclosure prior to addressing whether the appellant proved by preponderant evidence that he made a protected disclosure, the administrative judge correctly found that the appellant's disclosure was not protected.  Thus, any error by the administrative judge does not warrant reversal.  An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

property interest in the literary quote, or that his supervisor's actions constituted an abuse of discretion. ID at 18.

¶13    On review, the appellant argues that the administrative judge's decision addressed only the free speech element, and that the administrative judge failed to address the taking of his property and his Fifth Amendment right to due process. PFR File, Tab 1 at 7. The appellant asserts that the fact that the agency's Bureau of Land Management State Human Resources Office ordered the literary quote returned to him shows that he has a property interest in it. *Id.* at 8.

¶14    However, contrary to the appellant's assertions, the administrative judge addressed the appellant's due process argument and correctly found that the appellant failed to prove by preponderant evidence that he reasonably believed that he had a protected property interest in the piece of paper taped to the back of his chair. ID at 18.

¶15    Similarly, while the appellant does not specifically argue that the administrative judge failed to address his abuse of authority argument concerning this disclosure, the initial decision shows that the administrative judge thoroughly addressed this argument and found that the appellant failed to prove by preponderant evidence that his supervisor's actions constituted an abuse of authority. *Id.* We have reviewed the administrative judge's determination and we find no basis upon which to disturb it. *Id.*

> *The appellant alleged that he disclosed that his supervisor withheld facts and made false statements about him, resulting in disciplinary action taken against him.*

¶16    The appellant argued that he made a protected disclosure on February 5, 2014, when he notified the field manager that his supervisor was withholding facts and making false statements regarding her knowledge of the goat grazing program and authorization. IAF, Tab 3 at 21, Tab 18 at 77. The administrative judge found that the appellant's assertion constituted a nonfrivolous allegation of a protected disclosure, and that the appellant

nonfrivolously alleged that his disclosure to the field manager was a contributing factor in her decision to issue the LOR. ID at 14-15. The administrative judge found further that the appellant failed to prove by preponderant evidence that he reasonably believed he made a protected disclosure to the field manager regarding the goat grazing. Specifically, the administrative judge found that the appellant failed to prove by preponderant evidence that a reasonable person, with knowledge of the essential facts known to and readily ascertainable by the appellant, would conclude that the appellant's supervisor committed a violation of a law, rule, or regulation, or an abuse of authority. Additionally, the administrative judge found that the appellant knew the proper process for approving goat grazing permits and that he failed to prove by preponderant evidence that he reasonably believed that during the relevant time, December 2014, his supervisor had given him verbal authorization to sign the goat grazing permit at issue. ID at 20-26.

¶17 However, the administrative judge also found that the appellant did not show that this claimed disclosure was a contributing factor in the agency's issuing the proposed suspension notice. ID at 15. Specifically, the administrative judge found that the appellant failed to nonfrivolously allege that the deciding official, who became the appellant's supervisor on August 25, 2014 (new supervisor), knew about the appellant's February 5, 2014 disclosure to the field manager prior to her issuing the notice of proposed suspension. ID at 15.

¶18 On review, the appellant contends that his new supervisor knew about his February 5, 2014 disclosure prior to her issuing the notice of proposed suspension on November 13, 2014, and that the administrative judge erred by finding that he had not shown that the disclosure was a contributing factor. PFR File, Tab 1 at 5. The appellant asserts that, prior to issuing the notice, the new supervisor had access to the LOR, which was in his personnel file, and that his disclosure was identified in the LOR when it alleged that he had "demonstrated conduct unbecoming when you accused your supervisor of not only lying to me, but also

willfully deceiving me." PFR File, Tab 1 at 6. In addition, the appellant contends that the LOR is mentioned throughout the suspension proposal notice. *Id.* He asserts further that, because the field manager and the new supervisor discussed the proposed suspension, the new supervisor also had constructive knowledge of his disclosure. *Id.*

¶19    An appellant's nonfrivolous allegation that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in that action is sufficient to meet the knowledge-timing test, and satisfies the appellant's burden to nonfrivolously allege that his protected disclosure was a contributing factor in the personnel action. *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014). Therefore, if the appellant has alleged that the supervisors were aware of his disclosures prior to the agency's decision to propose his suspension he will have made allegations of fact that, if proven, could establish a prima facie case of Board jurisdiction. *Id.*, ¶¶ 7-11.

¶20    Upon reviewing the record, we find that it supports the appellant's assertions. Specifically, the proposed suspension referred to the LOR which relied on the conversation wherein the alleged disclosure occurred. IAF, Tab 6 at 49, 51, 56-58. Further, the proposed suspension indicated that it was based on the same misconduct cited in the LOR, stated that "a search of your personnel record found" the LOR, and quoted the LOR. IAF, Tab 6 at 59, 62, 64-66.

¶21    Based upon the record evidence, we cannot conclude that the proposing official contemplated the proposed suspension, initiated the proposal notice, or issued the proposal notice prior to learning of the appellant's February 5, 2014 disclosure to the field manager. *See, e.g.*, *Fickie v. Department of the Army*, 86 M.S.P.R. 525, ¶ 9 (2000) (finding that an action that was merely "contemplated and in preparation" prior to a disclosure can serve as the predicate personnel action in an IRA appeal). Thus, under the knowledge/timing test, we find that the decision to propose the appellant's suspension was made after the

new supervisor learned of the appellant's February 5, 2014 disclosure and that it may have had some effect on her decision to propose his suspension. *Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 10 (2003) (finding that an appellant need only prove that the fact or content of the disclosure was one of the factors that tended to affect the personnel action in any way). Accordingly, even though the proposing official was not the appellant's supervisor at the time of the disclosure, we find that the appellant has made a nonfrivolous allegation that his protected disclosure was a contributing factor in the proposed suspension under the knowledge/timing test. We thus vacate the administrative judge's finding that the appellant failed to nonfrivolously allege that his February 5, 2014 disclosure was a contributing factor in the decision to propose his suspension under 5 U.S.C. § 1221(e)(l).

¶22 Nevertheless, even though we find that the appellant made a nonfrivolous allegation that the February 5, 2014 disclosure was a contributing factor in the notice of proposed suspension, we reach the same ultimate finding as did the administrative judge, namely that the appellant failed to prove by preponderant evidence that this disclosure constituted a protected disclosure. Specifically, the administrative judge found that the appellant: (1) previously had followed the process to obtain the necessary approval for the goat grazing program; (2) did not obtain the required supervisors' signatures for the authorization at issue here; and (3) was not credible in claiming that he requested and received prior verbal authorization and was contradicted by the written record. ID at 24-25. Additionally, the administrative judge found the appellant's alleged disclosure both vague and conclusory because he failed to provide the details of the conversation in which he allegedly received verbal authorization. Thus, while the administrative judge erred by not finding that the February 5, 2014 disclosure was a contributing factor in the proposed suspension, we agree with him that the appellant failed to prove by preponderant evidence that he made a disclosure to the field manager on February 5, 2014, that a reasonable person, with knowledge

of the essential facts known to and readily ascertainable by the appellant, would believe evidenced a violation of law, rule, or regulation or an abuse of authority by the appellant's supervisor.

> *The appellant alleged that he made a protected disclosure that his supervisor tried to coerce and intimidate him into not using his FMLA leave.*

¶23      Concerning this November 18, 2014 disclosure, the administrative judge found that the appellant exhausted his remedy before OSC, and that the appellant's allegations constituted a nonfrivolous allegation of a protected disclosure. ID at 9-10, 14-15. However, the administrative judge found further that this disclosure could not have been a contributing factor in the agency's issuing the LOR or its notice of proposed 14-day suspension. ID at 16. The administrative judge noted that the appellant never returned to work after November 14, 2014, prior to his resignation; thus his alleged disclosure after that date could not have been a contributing factor to a hostile work environment due to harassment.

¶24      On review, the appellant challenges the administrative judge's determination that his alleged disclosure after he permanently left the agency could not have been a contributing factor to a hostile work environment due to harassment. PFR File, Tab 1 at 7. As the administrative judge correctly found, however, the appellant's alleged disclosure on or after November 18, 2014, could not have been a contributing factor in the agency's earlier issuance of the May 15, 2014 LOR, or the November 13, 2014 notice of a proposed 14-day suspension. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 27 (2013) (finding that disclosures made after the agency took the personnel action at issue cannot have been a contributing factor). Furthermore, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by 5 U.S.C.

§ 2302(a)(2)(A)(xii).  *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16.  Thus, we find no merit to the appellant's claims in this regard.

¶25        Moreover, the appellant has not proven that this disclosure is protected. The appellant asserted that his supervisor tried to coerce and intimidate him into not using his sick or FMLA leave in violation of 5 U.S.C. § 6385(a), which provides that an employee shall not directly or indirectly intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce, any other employee for the purpose of interfering with the employee's exercise of any rights relating to FMLA leave.  IAF, Tab 15 at 21-22.  More specifically, the appellant contended that the proposing official informed him in a November 18, 2014 FMLA letter that the FMLA "entitles eligible employees to take up to twelve workweeks of unpaid leave (LWOP) in a 12-month period," with the word "unpaid" underlined and in bold typeface, and that this emphasis incorrectly "impl[ied] that [he] will only be entitled to unpaid leave."  IAF, Tab 3 at 36-37.  He also claimed that the letter indicated that he could substitute paid leave to which he was entitled for the unpaid leave "upon [the supervisor's] approval," and that this latter language was "meant to make me feel that I have less entitlement to leave than I actually do." *Id.* at 37.  The appellant also noted that the letter instructed him to provide the agency with a completed Form WH-380, Certification of Health Care Provider, and that this was "another attempt to coerce and intimidate me" because agencies may request such medical certification, but are not required to do so.  *Id.* Finally, the appellant addressed the letter's statement that a failure to provide adequate medical documentation to support an absence may result in a placement on absence without leave (AWOL), which may result in disciplinary action. *Id.* at 38.  The appellant asserted that this statement "is intimidating and coercing me by emphasizing AWOL and disciplinary action, but leaving out that I may request that the provisional leave be charged as leave without pay or charged to annual and/or sick leave."  *Id.*  The agency approved FMLA leave for the appellant on November 25, 2014, one week later.  IAF, Tab 18 at 27.

¶26    The record does not appear to include a copy of the agency's November 18, 2014 FMLA letter.  However, even assuming that the appellant has accurately characterized the agency's statements in that letter, they merely reflect and are consistent with the legal and regulatory requirements relating to FMLA leave and the fact that AWOL can lead to disciplinary action.  *See* 5 U.S.C. §§ 6382(c)-(d), 6383; 5 C.F.R. §§ 630.1203(a), .1206; *see also Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 8 (2009) (holding that a sustained charge of AWOL is inherently connected to the efficiency of the service).  Under these circumstances, the appellant has not proven that a reasonable person, with knowledge of the essential facts known to and readily ascertainable by him, would believe that these statements evidenced a violation of law, rule, or regulation, such as section 6385(a), an abuse of authority by the appellant's supervisor, or any of the other situations detailed under 5 U.S.C. § 2302(b)(8)(A).  Thus, we agree with the administrative judge's determination that the appellant was not entitled to corrective action as to this purported disclosure.

Exhaustion of Claims before OSC

¶27    In response to the administrative judge's determination that the appellant failed to exhaust some of his claims before OSC, the appellant asserts on review that OSC's letter dated May 16, 2016, states, "You also allege that the negative references are retaliation . . . . Because OSC previously made a determination to close an earlier complaint involving all but the most recent allegations involving negative references, OSC's current review only involved the allegedly retaliatory negative references."  PFR File, Tab 1 at 28.  Thus, the appellant argues that the administrative judge erred in determining that he did not exhaust his remedies before OSC.

¶28    It appears from the appellant's OSC complaint and with OSC's May 16, 2016 letter that the appellant may have exhausted his remedies with OSC regarding some, or all 20, of the disclosures which the administrative judge found that he had not exhausted.  Having found evidence that the appellant exhausted

his OSC remedies with at least some of the 20 disclosures, we would ordinarily remand this appeal to determine jurisdiction on those claims, and if appropriate, a hearing on the merits. *Kukoyi v. Department of Veterans Affairs*, 111 M.S.P.R. 404, ¶ 19 (2009), *overruled on other grounds by Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 n. 7 (2011). Nevertheless, we find remand unnecessary in this appeal. Courts have the inherent authority, in the interest of judicial efficiency, to dismiss an action because of the pendency of another action, so long as an identity of issues exists and the controlling issues in the dismissed action will be determined in another lawsuit. *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990). In most cases of judicial efficiency, we would dismiss the subsequent appeal and the prior appeal would be adjudicated. *Id.*; *O'Leary v. Office of Personnel Management*, 90 M.S.P.R. 124, ¶ 7 (2001).

¶29      However, we are dismissing the appellant's claims in this appeal, which the administrative judge found were not exhausted, so that these claims can be considered in the appellant's subsequent appeal that was filed with the Board's Western Regional Office. The subsequent appeal was docketed as an IRA appeal, in which the appellant challenges the numerous disclosures which were found to be not exhausted before OSC in this appeal, and he alleges the agency took the action partly in response to his protected disclosures. *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-21-0497-W-2. [9] The appellant has included

---

[9] This separate IRA appeal before the Board's Western Regional Office was originally docketed as MSPB Docket No. SF-1221-16-0681-W-1. The appeal was refiled and dismissed without prejudice multiple times. *See* MSPB Docket Nos. SF-1221-16-0681-W-1 through SF-1221-16-0681-W-9. When the appeal was refiled a ninth time, due to technical limitations of the Board's software, it was assigned a new docket number, MSPB Docket No. SF-1221-21-0497-W-1, and was again dismissed without prejudice and then refiled. On March 8, 2022, the Board's Western Regional Office issued an initial decision in MSPB Docket No. SF-1221-21-0497-W-2, dismissing the appeal without prejudice to be automatically refiled within 15 calendar days of the first of the following to occur: (1) the date of issuance of a Board opinion in SF-1221-15-0688-W-1; or (2) September 5, 2022. *See* MSPB Docket No. SF-1221-21-0497-W-2, Initial

the same OSC documentation that he submitted in this appeal, and he included evidence that he submitted a new filing with OSC in December 2015. PFR File, Tab 1; *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-16-0681-W-1.

¶30      We find that the two appeals share an identity of issues. We also find that the controlling issue of the present appeal—whether the appellant has made a nonfrivolous allegation of jurisdiction for an IRA appeal and if so whether the agency took the personnel action in reprisal for his disclosures—also will be determined by the Board's Western Regional Office. Because the appeal before the Board's Western Regional Office addresses the same issues currently before us, we deny the portions of the appellant's petition for review concerning the disclosures over which the administrative judge found that the appellant had not exhausted his remedy with OSC, and dismiss those portions in the interest of justice.

The Appellant's Remaining Arguments

¶31      Finally, the appellant reasserts his version of the various incidents and he contends that the administrative judge ignored his evidence and arguments throughout the initial decision.[10] PFR File, Tab 1 at 9-16. For example, the appellant argues that the administrative judge relied on inconsistent statements by the appellant's supervisor concerning the proper authorization for grazing and he asserts that the administrative judge erred by not addressing his claim that he had received verbal authorization, and that even so, no authorization was required

---

Decision (Mar. 8, 2022). After the issuance of this decision, the Board's Western Regional Office shall refile the appeal as MSPB Docket No. SF-1221-21-0497-W-3.

[10] The appellant asserts on review that the administrative judge left out the agency's characterizing the charges as malicious and intentional in the LOR, and he contends that the administrative judge changed the agency's burden of proof by failing to require the agency to prove these elements. PFR, Tab 1 at 4; IAF, Tab 28 at 45-46. However, because the merits of the underlying adverse actions are not before the Board in this appeal, the administrative judge did not determine the merits of the charged misconduct, and we have not considered these arguments on review.

because he had the authority to acquire services within the micro purchase amount. *Id.* at 9-10. In this connection, the appellant also reasserts his claim that he was acting under the assumption that he had appropriate National Environmental Policy Act[11] documentation and authorization to conduct the goat vegetation management project, and that his actions were not malicious and intentional. *Id.* at 14. The appellant challenges the administrative judge's credibility determinations regarding his supervisor and the testimony concerning a meeting he had with her, and he asserts that the administrative judge's finding that he did not have a "reasonable belief" that his supervisor authorized the project is "conclusory and unsupported" by the evidence he submitted. *Id.* at 12-13. Similarly, the appellant challenges the administrative judge's finding that his disclosure concerning the interns was vague and conclusory and thus not protected. *Id.* at 15.

¶32    We have considered these arguments, as well as the appellant's many other arguments on review concerning the administrative judge's weighing of the evidence. However, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Accordingly, we find that the appellant has provided no basis upon which to reverse the initial decision.

---

[11] The National Environmental Policy Act sets forth a procedural process for analyzing proposed Federal actions. IAF, Tab 6 at 68.

**NOTICE OF APPEAL RIGHTS**[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for

                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.